**BOAG LAW, PLLC**
447 Broadway, Suite 2-270
New York, NY 10013
Phone: +1.212.203.6651
Email: dab@boagip.com

December 23, 2022

*via ECF*
The Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

RE:   True Return Systems LLC v. MakerDAO, No. 22-cv-8478 (VSB)
      Our File: TRUE.220216.MAK

Dear Judge Broderick:

We write in response to the December 22, 2022, letter from Crypto Council for Innovation ("CCI"), a trade organization seeking to participate as amicus curiae in this proceeding. While Plaintiff True Return Systems, Inc. ("TRS") has no objection to the participation of amici generally, CCI's proposed involvement raises concerns about the real parties in interest behind CCI and introducing undue delay into this proceeding.

CCI's proposed participation differs in kind from a traditional amicus curiae in that many members of CCI may have a real and direct interest in the outcome of this litigation. Were that the case, the proposed amicus filing could be used to as a shield hide the identity of these parties, enabling those parties to participate and advocate a position without properly appearing before this Court.

CCI's website lists "alliance" members including Andreessen Horowitz, Coinbase, Inc., Gemini Trust Company, LLC, and Paradigm, all of which have significant holdings in Defendant MakerDAO or relationships with MakerDAO.[1]

While not applying to this proceeding, F.R.A.P. 29(4)(a) requires amici to file a Corporate Disclosure Statement in the format required by F.R.C.P. 26.1. Such a disclosure would be insufficient here because the Rule only requires disclosure of "any parent corporation and any

---

[1] *See, e.g.*, www.a16z.com/portfolio (listing MakerDAO as a part of the Andreesen Horowitz portfolio); forum.makerdao.com/t/mip81-coinbase-usdc-institutional-rewards/17703 (describing a MakerDAO vote to deposit $1.6 billion of their holdings in USDC tokens on the Coinbase exchange to participate in Coinbase's USDC Institutional Rewards); forum.makerdao.com/t/gusd-makerdao-partnership-announcement/18140 (describing a $498 million cross-holding between MakerDAO and Gemini); and www.paradigm.xyz/portfolio (noting Paradigm's ownership of MakerDAO's governance tokens).

publicly held corporation that owns 10% or more of its stock . . . ." As a trade organization, CCI is unlikely to have any shareholders, leaving the true parties in interest unnamed.[2]

Plaintiff respectfully requests that if the Court grants leave for CCI to participate as amicus curiae, that CCI be required to disclose its membership list and whether any of its members own, hold, or owe cryptocurrency assets of MakerDAO or token interests in MakerDAO.

Plaintiff is further concerned that submissions by CCI and other potential amici could delay these proceedings. TRS respectfully requests that if the Court grants the requested permission to file, that it: (1) set a fixed deadline for any additional amici to come forward; (2) permit TRS to file a consolidated response to all amici; and (3) insofar as there is oral argument, set a fixed amount of time for argument equal to the time allocated to Plaintiff, which is to be divided among all amici.[3]

                                        Respectfully submitted,

                                        BOAG LAW, PLLC

                                        By: _____
                                        David A. Boag (DB9899)
                                        447 Broadway, Suite 2-270
                                        New York, NY 10013
                                        (212) 203-6651
                                        dab@boagip.com

                                        *Attorneys for Plaintiff True Return Systems LLC*

cc: All Counsel of Record (via ECF)

---

[2] The Federal Rules of Civil Procedure and Local Rules for this District are silent on the participation of amici at the district court level.

[3] This proposal follows the mechanism used recently in another case involving a DAO as a defendant. *See Commodity Futures Trading Commission v. Ooki DAO*, No. 3:22-cv-05416 (N.D. Cal. filed Sept. 22, 2022) at Dkt. Nos. 27, 45. There, the Court treated amici as requesting reconsideration of its Order granting Plaintiff's Motion for Alternative Service. *Id*. at Dkt. No. 52. The Court affirmed its early ruling granting alternative service. *Id*. at Dkt. No. 63.