

Positive
As of: February 14, 2023 2:54 PM Z

# Sexy Hair Concepts, LLC v. Sexy Hair Inc.

United States District Court for the Eastern District of New York

September 11, 2013, Decided; September 11, 2013, Filed

CV 12-3937 (ARR) (MDG)

**Reporter**
2013 U.S. Dist. LEXIS 142361 *

SEXY HAIR CONCEPTS, LLC, Plaintiff, - against - SEXY HAIR INC. d/b/a SEXY HAIR BEAUTY SALON, and KARINA ALEJO, Defendants.

**Subsequent History:** Adopted by, Judgment entered by, Injunction granted at *Sexy Hair Concepts, LLC v. Sexy Hair Inc., 2013 U.S. Dist. LEXIS 141022 (E.D.N.Y., Sept. 30, 2013)*

## Core Terms

Hair, Salon, default, infringement, injunction, trademark, registration, damages, allegations, recommend, defendants', permanent, registered

**Counsel:** [*1] For Sexy Hair Concepts, LLC, Plaintiff: Steven R. Kramer, LEAD ATTORNEY, Eckert Seamans Cherin & Mellott, LLC, White Plains, NY.

**Judges:** MARILYN D. GO, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** MARILYN D. GO

## Opinion

### REPORT & RECOMMENDATION

GO, United States Magistrate Judge:

Plaintiff Sexy Hair Concepts, LLC ("Sexy Hair Concepts") brings this action against defendants Sexy Hair Inc. d/b/a Sexy Hair Beauty Salon ("Sexy Hair Inc.") and Karin Alejo ("Alejo") asserting claims for trademark infringement in violation of *15 U.S.C. § 1114* and unfair competition in violation of *15 U.S.C. § 1125(a)*. The Honorable Allyne R. Ross referred to me for report and recommendation plaintiff's motion for entry of default judgment against defendants. See ct. doc. 13.

### FACTUAL BACKGROUND

Sexy Hair Concepts develops, manufactures and sells hair styling and hair care preparations, including shampoos, gels, hair sprays and mousse. Compl. (ct. doc. 1) at ¶ 8. Sexy Hair Concepts has been using "SEXY HAIR" as a name and mark and as the dominant component of names and marks for its hair styling and hair care preparations products since at least 1998. Id. at ¶ 9. Sexy Hair Concepts has registered the "SEXY HAIR" mark with the United States Patent [*2] and Trademark Office, U.S. Trademark Registration No. 2,403,396. See Exh. B to Compl. Sexy Hair Concepts has also registered other marks, including BIGSEXYHAIR and SEXYHAIRORGANICS. See Exh. C to Compl.

Under the direction and control of defendant Alejo, defendant Sexy Hair Inc. conducts a business called Sexy Hair Beauty Salon located at 227-21 Merrick Boulevard, Laurelton, New York 11413 in connection with hair salon services. Compl. at ¶ 17. Sexy Hair Beauty Salon maintains a Facebook page at *http://www.facebook.com/pages/Sexy-Hair-Beauty-Salon/121154954609596*. Id. at ¶ 18. After becoming aware of defendants' use of the name Sexy Hair Beauty Salon, plaintiff sent defendant Alejo a cease and desist letter. Id. at ¶ 19 and Exh. G. Nonetheless, defendants continue to use the name Sexy Hair Beauty Salon. Compl. at ¶ 19.

Plaintiff alleges that defendants' use of the name Sexy Hair Beauty Salon is likely to cause confusion with plaintiff's registered marks as to the source of defendants' services and the salon's affiliation with or sponsorship by plaintiff. Id. at ¶ 22. The salon services offered by defendants are closely related to the goods sold by plaintiff under the SEXY HAIR mark since [*3] salons use and sell hair care and hair styling preparations and plaintiff's products are sold and used

in hair salons. Id. at ¶ 24.

On August 8, 2012, plaintiff commenced this action seeking injunctive relief and an accounting against defendants for all profits received from the sale of services in connection with the name Sexy Hair Beauty Salon. Sexy Hair Inc. was properly served with the summons and complaint through the New York Secretary of State (ct. doc. 8). See *N.Y. C.P.L.R. § 311(a)(1)*; *N.Y. Bus. Corp. Law § 306(b)(1)*. Defendant Alejo was properly served by leaving a copy of the summons and complaint with a person of suitable age and discretion at Sexy Hair Salon, mailing a copy to her residence and affixing copies of the summons and complaint to the door of her residence after several attempts to serve her personally[1] (ct. docs. 5, 9). See *N.Y. C.P.L.R. §§ 308(2)*, *(4)*.

DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Reality Corp., 973 F.2d 155, 158 (2d Cir.)*, [*4] cert. denied., *506 U.S. 1080, 113 S. Ct. 1049, 122 L. Ed. 2d 357 (1993)*; *Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)*. A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged. *Id. at 66*. The movant need prove "only that the compensation sought relate to the damages that naturally flow from the injuries pleaded." *Greyhound, 973 F.2d at 159*.

The court must ensure that there is a reasonable basis for the damages specified in a default judgment. Actual damages or statutory damages may be assessed. In determining damages not susceptible to simple mathematical calculation, *Fed. R. Civ. P. 55(b)(2)* gives a court the discretion to determine whether an evidentiary hearing is necessary or whether to rely on detailed affidavits or documentary evidence. *Action S.A. v. Marc Rich and Co., Inc., 951 F.2d 504, 508 (2d Cir. 1989)*. The moving party is entitled to all reasonable inferences from the evidence it offers. *Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009)*; *Au Bon Pain, 653 F.2d at 65* (citing *Trans World Airlines, Inc. v. Hughes, 308 F. Supp. 679, 683 (S.D.N.Y. 1969))*.

Liability [*5] of Defendants

The Lanham Act prohibits the use in commerce, without consent, of any "registered mark in connection with the sale, distribution or advertising of any goods," in a way that "is likely to cause confusion." *15 U.S.C. § 1114(1)(a)*. It also forbids the infringement of unregistered common law trademarks. See *Time, Inc. v. Petersen Publishing Co. LLC, 173 F.3d 113, 117 (2d Cir. 1999)*; *Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137, 142 (2d Cir. 1997)*; *Banff, Ltd. v. Federated Dep't Stores, Inc., 841 F.2d 486, 489 (2d Cir. 1988)*; *15 U.S.C. § 1125(a)(1)*. To prevail on a trademark infringement claim under either provision, plaintiff must demonstrate that "it has a valid mark entitled to protection and that the defendant's use of it is likely to cause confusion." *Time, 173 F.3d at 117*; *Genesee Brewing, 124 F.3d at 142*; see *Christian Louboutin S.A. v. Yves Saint Laurent America Holding, Inc., 696 F.3d 206, 216 (2d Cir. 2012)*.

A mark is automatically entitled to protection under the Lanham Act when it is an "inherently distinctive" mark, as opposed to a "merely descriptive" mark. See *15 U.S.C. § 1052(e)*, *(f)*; *Time, 173 F.3d at 117*; *Genesee Brewing, 124 F.3d at 143*; see also [*6] *Two Pesos, 505 U.S. at 768-69*; *Christian Louboutin, 696 F.3d at 216*. A descriptive mark qualifies for protection only if it has acquired secondary meaning, i.e, consumers have come to associate it with the user of the mark. See *15 U.S.C. § 1052(e)*, *(f)*; *Time, 173 F.3d at 117*; *Genesee Brewing, 124 F.3d at 143*; see also *Two Pesos, 505 U.S. at 768-69*; *Christian Louboutin, 696 F.3d at 216*. Registration of a mark is prima facie evidence of the validity of the mark, the registrant's ownership of the mark and the registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the registration certificate. See *15 U.S.C. §§ 1115(b)*, *1057(b)*; *Christian Louboutin, 696 F.3d at 216 n.10*.

Plaintiff's registration of the trademark SEXY HAIR establishes the mark's validity and plaintiff's ownership and exclusive right to use the mark. Further, plaintiff's allegations demonstrate that defendants have infringed plaintiff's registered trademark by using a confusingly similar name in connection with offering its hair salon services. However, the liability of defendant Karina

---

[1] Plaintiff also made several attempts to personally serve defendant Alejo with copies of its motion for default judgment. See ct. doc. 15.

Alejo, individually, involves different and additional considerations from the liability [\*7] of a business entity. A party may be vicariously liable for infringement if she has "the right and ability to supervise" the infringing activities and had "an obvious and direct financial interest in the exploitation of [the] copyrighted materials" or contributorily liable if she "authorized" the infringing conduct. See *Softel, Inc. v. Dragon Med. & Sci. Comm., Inc., 118 F.3d 955, 971 (2d Cir. 1997)*; *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc., 443 F.2d 1159, 1162 (2d Cir. 1971)*; *Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir. 1963)*.

Plaintiff alleges in the complaint that defendant Alejo is the "owner of Sexy Hair Beauty Salon and "directs and controls the activity of that business and its use of the SEXY HAIR BEAUTY SALON mark and name." Compl. at ¶ 4. This allegation, even though alleged upon information and belief, is deemed admitted. See *Fong v. United States, 300 F.2d 400, 409 (9th Cir. 1962)* (finding allegations on information and belief sufficient to hold defendant individually liable on default judgment because they stated facts primarily within defendant's knowledge); *CAMOFI Master LDC v. Riptide Worldwide, Inc., 2012 U.S. Dist. LEXIS 178383, 2012 WL 6766767, at \*12 n.11 (S.D.N.Y. 2012)* [\*8] (allegations made on information and belief are "deemed admitted by virtue of Defendant's default") (citing *J&J Sports Prods., Inc. v. Imperial Lounge & Sports Bar, Inc., 2012 U.S. Dist. LEXIS 55330, 2012 WL 1356598, at \*3*, adopted, *2012 U.S. Dist. LEXIS 55331, 2012 WL 1372250 (E.D.N.Y. 2012))*. Accordingly, I conclude from these facts that Alejo had supervisory control over the salon's activities and received a financial benefit from its operations. Thus, I recommend that defendant Alejo and Sexy Hair Inc. be held jointly and severally liable for infringement.

Injunctive Relief

Plaintiff seeks a permanent injunction. In an action alleging trademark infringement, plaintiff must have established a likelihood of success on the merits in seeking a preliminary injunction or actually succeeded on the merits in seeking a permanent injunction and that: 1) plaintiff is likely to suffer irreparable injury in the absence of an injunction; 2) remedies at law, such as monetary damages, are inadequate to compensate plaintiff for that injury; 3) the balance of hardships tips in plaintiff's favor; and 4) the public interest would not be disserved by the issuance of a permanent injunction. *eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 390, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006)* (permanent [\*9] injunctive relief in patent action); *Salinger v. Colting, 607 F.3d 68, 80 (2d Cir. 2010)* (applying eBay to trademark action).

Here, plaintiff has actually succeeded on the merits due to defendants' default. In addition, by defaulting, defendants admit plaintiff's allegations of the likelihood of confusion which automatically establishes irreparable harm. See *Genesee Brewing Co. v. Stroh Brewing Co., 124 F.3d 137, 142 (2d Cir. 1997)*; *Am. Cynamid Co. v. Campagna Per Le Farmacie in Italia S.P.A., 847 F.2d 53, 55 (2d Cir. 1988)*; see also *Malletier v. Burlington Coat Factory Warehouse Corp., 426 F.3d 532, 537 (2d Cir. 2005)* ("a showing of likelihood of confusion establishes a likelihood of success on the merits and irreparable harm").

The second factor of inadequate remedies at law is satisfied "where the record contains no assurance against defendant's continued violation" of plaintiff's trademark. See *Montblanc-Simplo Gmbh v. Colibri Corp*., 692 F. Supp. 2d 245, 259 (E.D.N.Y. 2010). Where the defendant defaults, "[a] court may infer . . . that [defendant] is willing to, or may continue its infringement." *Pearson Educ., Inc. v. Vergara, 2010 U.S. Dist. LEXIS 101597, 2010 WL 3744033, at \*4 (S.D.N.Y. 2010)*; see *AW Indus., Inc. v. Sleepingwell Mattress Inc., 2011 U.S. Dist. LEXIS 111889, 2011 WL 4404029, at \*11 (E.D.N.Y. 2011)*;  [\*10] *Montblanc-Simplo*, 692 F. Supp. 2d at 259. Defendants are likely to continue to infringe plaintiff's mark in the absence of an injunction given their failure to respond to the cease and desist letter in 2011, the complaint or otherwise participate in this action, even after entry of default. As of the commencement of this action more than eight months after the cease and desist letter, defendants continued to maintain a Facebook page. Compl. at ¶¶ 18, 45.

The equities also weigh in plaintiff's favor. Plaintiff has used the SEXY HAIR mark for many years. Although defendants would likely suffer some harm from changing their salon's name, defendants started using the name long after the first use and registration of the SEXY HAIR mark by plaintiff. Compl. at ¶ 17. Defendants can continue to operate their salon under a different name.

As to the fourth factor, "the public has an interest in not being deceived - in being assured that the mark it associates with a product is not attached to goods of unknown origin and quality." *NYC Triathlon, LLC v. NYC Triathlon Club, Inc*., 704 F. Supp. 2d 305, 344 (S.D.N.Y.

*2010)*. There has been no evidence submitted that the services sold at defendants' salon [*11] is inferior to the products sold by plaintiff. However, given the likelihood of confusion established by defendants' default, the public has an interest in the issuance of the injunction.

## CONCLUSION

For the foregoing reasons, I recommend that plaintiff be awarded judgment against defendants and that a permanent injunction be issued that defendant Sexy Hair, Inc. d/b/a Sexy Hair Beauty Salon, its officers, agents, servants, employees and any persons, firms or corporations acting in concert with it, or on its behalf, and defendant Karina Alejo be permanently enjoined from: a) use of the SEXY HAIR BEAUTY SALON mark and name, and any mark or name which contains or comprises "SEXY HAIR" in connection with salon services and any related goods and services and business; b) use of the SEXY HAIR BEAUTY SALON mark and name in connection with a Facebook page promoting salon services and any related goods and services and business; and (c) engaging in any other conduct that causes, or is likely to cause, confusion, mistake or misunderstanding as to the affiliation, connection, association, origin, sponsorship or approval of their services with the plaintiff, plaintiff's goods or services or business, [*12] or its SEXY HAIR mark and name. I further recommend that defendants be ordered to cancel the corporate registration of Sexy Hair, Inc. with the New York Department of State Division of Corporations. See *Leading Edge Marketing, Inc. v. Builders Prosource, LLC, 2009 U.S. Dist. LEXIS 75479, 2009 WL 2612817, at *4 (D.S.C. 2009)*; *NFL Props., Inc. v. New Jersey Giants, Inc., 637 F. Supp. 507, 520 (D.N.J. 1986)*.

A copy of this report and recommendation will be filed electronically and a copy sent by overnight delivery to defendants on this date. Objections to the Report and Recommendation must be filed with the Clerk of Court, with a copy to the Honorable Allyne R. Ross, by September 30, 2013 at 5:00 p.m. Failure to file objections within the time specified waives the right to appeal. See *28 U.S.C. § 636(b)(1)*; *Fed. R. Civ. P. 72(b)*.

**SO ORDERED**.

Dated: Brooklyn, New York

September 11, 2013

/s/

MARILYN D. GO

UNITED STATES MAGISTRATE JUDGE

**End of Document**

Alanna Brallier