UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUE RETURN SYSTEMS LLC,<br><br>    Plaintiff,<br><br>        v.<br><br>MAKERDAO,<br><br>    Defendant. | Case No. 1-22-cv-8478-VSB |

**[PROPOSED] DEFAULT JUDGMENT**

Upon consideration of True Return Systems LLC's Technologies, LLC's ("True Return") Motion for a Default Judgment and supporting documents, and being fully advised, this Court hereby GRANTS True Return's Motion for a Default Judgment, and finds as follows:

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 28 U.S.C. §§ 2201, 2202.

2. This Court has personal jurisdiction over Defendant MakerDAO ("MakerDAO") by reason of Defendant's acts of patent infringement that have been committed in this judicial district, and by virtue of its regularly conducted and systematic business contacts in this judicial district. Defendant has purposefully availed itself of the privilege of conducting business within this judicial district; has established sufficient minimum contacts with this judicial district such that it should reasonably and fairly anticipate being brought into court here; have purposefully directed activities at residents of this judicial district; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities.

3.       Defendant has, at all relevant times, maintained a presence in the United States and within New York State through continuous and substantial business contacts, including, but not limited to, ratifying and executing cryptocurrency exchange transactions with New York-based cryptocurrency firms, invoking the protection of New York State law in its agreements with users, gaining the approval of the New York Department of Financial Services for its MKR token, and by virtue of the acts of patent infringement in New York that, among other things, formed the basis of this action.

4.       Defendant was properly served with the Summons and Complaint under Fed. R. Civ. P. 4(f)(1) and (h)(2). Defendant was provided multiple opportunities to appear in this action and were forewarned of True Return's intention to file its Complaint and move for injunctive relief. True Return's communications were ignored by Defendant.

5.       Venue is proper in this District under 28 U.S.C. § 1400(b), because Defendant has committed acts of patent infringement in this District. In addition, Plaintiff has suffered harm in this District. Alternatively, venue is proper in this District under 28 U.S.C. § 1391(b).

6.       Defendant failed to appear or otherwise defend this action.

7.       A Certificate of Default was entered by the Clerk of the Court against Defendant on January 3, 2023 (ECF Nos. 25).

8.       Defendant's default is deemed to constitute a concession of all well pleaded allegations of liability in the Complaint for patent infringement (ECF No. 1).

9.       Defendant has infringed U.S. Patent No. 10,025,797 (the "'797 Patent").

10.      True Return has satisfied all of the requirements for permanent injunctive relief. In particular, True Return has demonstrated that, without injunctive relief, it will suffer

substantial, irreparable harm and have no adequate remedy at law. Further, no remedies available at law, such as monetary damages, are adequate to compensate True Return for its injuries. Additionally, the balance of hardships between the parties favors True Return. Finally, the public interest favors the issuance of an injunction as there is a compelling, intrinsic public interest in protecting rights secured by patents.

11. True Return suffered compensatory damages in the amount of $12,398,368.

12. True Return is entitled to enhanced, treble damages as a result of Defendant's willful infringement and bad faith conduct, including but not limited to, evading the requirements of the Orders imposed against it, frustrating True Return's rights and entitlement to relief, spoliating evidence of such misconduct, causing undue delay, and intentionally rendering ineffectual the Orders of this Court.

13. True Return is entitled to post-judgment interest on the judgment awarded, starting from the date of final judgment, and set at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

**IT IS HEREBY ORDERED** that Defendant MakerDAO is in default; and it is further

**ORDERED** that Defendant MakerDAO, its partners, employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with it (including any service and hosting providers) are:

1. Permanently enjoined from any conduct that infringes, directly or indirectly, the '797 Patent, including making, selling, distributing, marketing, testing, importing, operating, offering to sell, or otherwise using: (a) the system, software or methods deployed as "Oracles V2", (b) systems, software, or methods which are functionally equivalent to "Oracles V2", or (c) comparable systems, software, or methods which employ parallel storage processes where centrally or decentrally stored values with or without descriptor differentials accessing at least one electronically published data-stream are linked to and employed by a decentralized or distributed ledger for the purpose of imputing a measured differential or a descriptive identifier to such ledger's transaction record, (separately and collectively, the "'797 Patent Infringement") within the United States;

2. Ordered to immediately cease use of and disable all occurrences of the method, system, and software called "Oracles V2" – or any other method, system, and software infringing the '797 Patent or otherwise resulting in '797 Patent Infringement – in their possession, custody, or control;

3. Ordered to immediately take down and/or destroy any remaining documentation and marketing for the system called "Oracles V2";

4. Ordered to immediately deactivate any servers operating, hosting, or distributing the method, system, and software called "Oracles V2";

5. Ordered to refrain from any conduct that frustrates the relief ordered herein, including, but not limited to, renaming assigning, replicating, acquiring, or replacing the methods, system, and software called "Oracles V2" with any substantially similar method, system, or software; and it is further

**ORDERED** that judgment is entered against Defendant MakerDAO in the amounts of: (1) $12,398,368 for compensatory damages, plus prejudgment interest at a rate based on the federal applicable rate of the 1-year U.S. treasury rate, compounded monthly, starting with July 2020 to December 31, 2022 currently amounting to $276,418; (2) $5,133,745 for enhanced damages; and (3) post-judgment interest on the judgment awarded, starting from the date of final judgment and set at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. Defendant is jointly and severally liable for these amounts.

Dated: February __, 2023

SO ORDERED:

_____

Vernon S. Broderick
United States District Court Judge