

**Home**

**Explore**

**Notifications**

**Messages**

**Bookmarks**

**Twitter Blue**

**Profile**

**More**

**Tweet**

← **Tweet**

**True Return Systems**
@InventFi

···

**@MakerDAO**
RE: MakerDAO Use of U.S. Patent No. 10,025,797:
Method and System for Separating Storage and
Process of a Computerized Ledger for Improved
Function truereturnsystems.com/m-docs

via Twitter to twitter.com/MakerDAO

RE: MakerDAO Use of U.S. Patent No. 10,025,797: Method and System for
Separating Storage and Process of a Computerized Ledger for Improved Function

Dear MKR Owners and MakerDAO Governance:

Our firm represents True Return Systems, LLC ("TRS"). This letter summarizes TRS's position concerning the use of its patented technology without a license.

Through counsel, TRS has made several attempts to reach the founders and managers of the MakerDAO Foundation. As a result of the MakerDAO Foundation's decision to decline communication and engagement, we are notifying MakerDAO and holders of the MKR token directly of this matter.

U.S. Patent No. 10,025,797 is generally directed to systems and methods that improve distributed ledger technology by addressing computational, time, storage, and security constraints inherent to distributed ledgers such as blockchains. The general approach of the '797 Patent is to separate certain processing and storage functions from a base distributed computerized ledger

While the writings of private practice attorneys and internet commentators do not make law, it appears that the majority of papers and articles are similarly aligned on matters of potential DAO liability. General partnerships have no corporate form and do not provide partners with the liability limitations contained in other common entity structures.

**The MakerDAO, MKR token, and the MakerDAO Foundation**

MakerDAO and its MKR owners have an unconventional legal form and ownership identity including the use of pseudo-anonymous handles. We do not expect unconventional names or pseudo-anonymous handles to materially impact any legal proceedings or outcomes.

We have taken the precaution of attaching an unfiled complaint for the purpose of identifying the parties to this correspondence. Possibly unintended confusion may arise because of the overlay of names among founding entities, governance providers, software providers, website address locations, trademark filers, and the DAO itself. The use of anonymous and pseudo-

unincorporated association. This might expose its members to personal liability for any of the DAO's actions and obligations, and discourage businesses, institutional investors, or other vulnerable or regulated entities from participating in DAOs.

Skadden Arps, Slate, Meagher & Flom LLP recently authored "The Distributed Ledger: Blockchain, Digital Assets and Smart Contracts," in which they write:

In the absence of legal entity status and directions from courts or legislatures, concern has surfaced among users that DAOs are general partnerships, and therefore each of a DAO's members would be personally liable for the actions (including fraud or material misrepresentations) of the partnership and of the other general partners.

Crypto counsel for Andreessen Horowitz's a16z co-authored a whitepaper in which he similarly noted risks to DAOs include:

Significant legal precedent exists for U.S. courts utilizing a functional approach to determining whether a partnership was formed irrespective of disclaimers and specific intent to not form a partnership.

In a practical sense the unanticipated structure of a DAO provides certain advantages

David A. Boag

12:32 PM · Mar 10, 2022

📊 View Tweet analytics

2 Quote Tweets   1 Like

   


**True Return Syste...**
@InventFi   ···