BOAG LAW, PLLC
447 Broadway, Suite 2-270
New York, NY 10013
Phone: +1.212.203.6651
Email: dab@boagip.com

**BOAG** PLLC
INTELLECTUAL PROPERTY LAW

March 9, 2023

*via ECF*
The Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

RE:         True Return Systems LLC v. MakerDAO, No. 22-cv-8478 (VSB)
            Our File: TRUE.220216.MAK

Dear Judge Broderick:

Plaintiff respectfully writes in response to the March 9, 2023, letter from counsel for the Crypto Council for Innovation ("CCI") and the recent pseudo-anonymous filing with the Court. (Dkt. Nos. 43, 42). Plaintiff reiterates the need for full disclosure of CCI's relationship with Defendant MakerDAO, including the members in CCI who have MakerDAO holdings.

The Court ruled on February 15, 2023 that CCI must disclose "whether any of its members own, hold, or owe cryptocurrency assets of MakerDAO or token interests in MakerDAO" (Dkt. No. 36) and set a February 20, 2023 deadline for that disclosure.

Rather than make the required disclosure, CCI disregarded the Court's order entirely and filed an improper Motion for Leave to Participate as Amicus Curiae. Insofar as the Court is considering this Motion, Plaintiff respectfully requests that it be denied as improper or for the reasons discussed in Plaintiff's December 23, 2022 letter to the Court. (Dkt. No. 19).

Plaintiff remains concerned that the amicus curiae process is being—or might be—misused to provide a shield to parties that have an interest in the case and may be liable for patent infringement from appearing, thereby enabling a litigation by proxy.[1] The public docket in this

---

[1] Plaintiff's concern is not merely academic. On February 20, 2022, CCI's counsel stated that "CCI understands some of its members hold MakerDAO tokens and thus might benefit from CCI's participation in this case" and that "CCI's knowledge of each member's token holdings is limited to the information that each member makes available." (Dkt. No. 39). CCI's response is carefully limited to MakerDAO *tokens* and omits the billions of dollars of bespoke financing transactions between CCI's membership and MakerDAO that may be relevant. (Dkt. No. 19).

Further, CCI's stated purpose for acting as amicus curiae has also shifted. In the March 9, 2023 letter, CCI's counsel described their goal in this action as: "to address matters of general interest, e.g., promotion of innovation in blockchain technology and crypto-assets generally." (Dkt. No. 43). This is in contrast to the February 20, 2023 submission to the Court in which CCI pledged to

matter now counts four pseudo-anonymous filings, the latest requiring a disavowal from counsel for CCI. (Dkt. Nos. 15, 20, 37, 42). The unknown origin(s) of these filings and general confusion about who is involved reinforce the need for the Court's February 15, 2023 Order.

Plaintiff respectfully requests that CCI be ordered to comply with the Court's February 15, 2023 Order.

Respectfully submitted,

BOAG LAW, PLLC

By: _____

David A. Boag (DB9899)
447 Broadway, Suite 2-270
New York, NY 10013
(212) 203-6651
dab@boagip.com

*Attorneys for Plaintiff True Return Systems LLC*

cc: All Counsel of Record (via ECF)

---

"assist the Court as it decides whether Plaintiff's Complaint states a legally valid claim, which will require consideration of complex issues such as patent subject matter eligibility." (Dkt. No. 39 at p. 8). CCI requested "30 days to file its substantive brief on patent invalidity." This shifting rationale for participation reinforces that there is lack of transparency in the individuals and entities behind the proposed amici.