# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

March 10, 2023

Via ECF

The Honorable Vernon S. Broderick
  Thurgood Marshall
    United States Courthouse
      40 Foley Square
        New York, NY 10007.

Re:   *True Return Systems LLC* v. *MakerDAO*, No. 22-cv-8478 (VSB)

Dear Judge Broderick:

I respectfully write on behalf of our client the Crypto Council for Innovation ("CCI") in response to the March 9, 2023 letter submitted by Plaintiff's counsel ("Plaintiff's Letter"). (ECF No. 44.) Although CCI does not want to crowd Your Honor's docket with additional letters, Plaintiff's Letter contains allegations that require a response.

*First*, contrary to Plaintiff's Letter, CCI complied with the Court's February 15 Order (ECF No. 36) (the "Order"). The Order stated: "[B]y February 20, 2023, Crypto Council for Innovation shall disclose whether any of its members own, hold, or owe cryptocurrency assets of MakerDAO or token interests in MakerDAO." In a Notice of Motion filed on February 20, 2023, CCI stated: "[t]he accompanying Memorandum of Law also provides the information that the Court ordered CCI to disclose on February 15, 2023, ECF No. 36." (ECF No. 38.) In turn, the Memorandum stated: (i) "CCI understands some of its members hold MakerDAO tokens and thus might benefit from CCI's participation in this case," (ii) "CCI's knowledge of each members token holdings is limited to the information that each member makes publicly available," (iii) "CCI understands that at least some of its members hold MakerDAO tokens, and thus those members could have an interest in this proceedings," (iv) "importantly, CCI's members hold tokens of numerous different protocols and MakerDAO is not unique," and (v) "CCI itself has no direct financial interest in the outcome of this case." (ECF No. 39, at 1-2, 7-8.) CCI fully and timely complied with the Order.[1]

---

[1] Plaintiff's footnote-only accusation that CCI "carefully" worded its submission to avoid disclosures (ECF No. 44, at 1 n.1) is wrong and unfounded. CCI openly disclosed that at

Hon. Vernon S. Broderick                                                                                          -2-

*Second*, Plaintiff's Letter argues that "pseudo-anonymous" letters filed by @MakerDAOdai (ECF Nos. 15, 20, 37, 42) somehow call into question the legitimacy of CCI's *amicus* motion. Exactly the opposite is true. The submission and content of those letters is unusual to say the least—they appear to have been drafted to *undermine* CCI's motion—and if there are questions about the letters, the submitting individual or entity should identify itself and explain its interest in this proceeding. These "pseudo-anonymous" letters—submitted via e-mail by an unknown individual or entity to the Court's *pro se* office—make it more important that the Court permit CCI to participate as an *amicus* given the unusual circumstances of the case.

We would be happy to provide any other information the Court might find helpful, and counsel will of course make themselves available for a hearing should the Court wish to hold one.

Respectfully Submitted,

/s/ *Dustin F. Guzior*
James M. McDonald
Jacob M. Croke
Dustin F. Guzior
Stephen J. Elliott
**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
Tel.: (212) 558-4000
Fax: (212) 558-3588
guziord@sullcrom.com

*Counsel for Crypto Council for Innovation*

cc:     All Counsel of Record (via ECF)

---

least some of its members have an interest in MakerDAO, and thus have an interest in the outcome of this proceeding, and CCI noted that its knowledge is limited to what each member makes publicly available. CCI has nothing to hide in this respect, and as explained in its Memorandum (ECF No. 39), the fact that some of CCI's members have an interest in MakerDAO should not be particularly important—much less dispositive—given the compelling reasons to allow CCI to participate as an *amicus*.