```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TRUE RETURN SYSTEMS LLC,                                    :
                                                            :
                    Plaintiff,                              :
                                                            :     22-CV-8478 (VSB)
          -against-                                         :
                                                            :           ORDER
MAKERDAO,                                                   :
                                                            :
                    Defendant.                              :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On February 20, 2023, Crypto Council for Innovation ("CCI") moved for leave to participate as *amicus curiae* in the above-captioned case. (Doc. 38 (the "Motion).) "It is well-established that a district court has broad discretion to grant or deny an appearance as *amicus curiae* in any given case." *Picard v. Greiff*, 797 F. Supp. 2d 451, 452 (S.D.N.Y. 2011). The role of an amicus is "to aid the court and offer insights not available from the parties." *S.E.C. v. Bear, Stearns & Co. Inc.*, No. 03-CV-2937 (WHP), 2003 WL 22000340, at *5 (S.D.N.Y. Aug. 25, 2003) (quoting *United States v. El-Gabrowny*, 844 F.Supp. 955, 957 n.1 (S.D.N.Y.1994)). While there is certainly no requirement that *amici* be totally disinterested, courts consider whether a proposed *amicus* is attempting to assist the Court by clarifying issues "as an objective, neutral, dispassionate friend of the court." *New York SMSA Ltd. P'ship v. Town of Bedford*, No. 21-CV-03742 (PMH), 2022 WL 718641, at *3 (S.D.N.Y. Mar. 10, 2022) (internal quotation marks omitted).

Here, CCI argues that its participation as *amicus* "would ensure that complex patent law issues are properly presented to the Court" and raise issues "with respect to the requested

remedies[.]" (Doc. 39 at 2, 6.) However, CCI does not have a unique point of view that is not available to the Court from the parties in the underlying actions. There are indeed complex patent law issues in this case, but it is the job of counsel for the parties, and not CCI, to explain those issues as they relate to the allegations in this case. "This alone is a sufficient basis to deny [ ] *amici* status," (*Bear, Stearns & Co. Inc.*, 2003 WL 22000340, at *5), but I also do not believe that CCI is seeking to serve as an "objective, neutral, dispassionate friend of the court." (*Id.* at 6) (internal quotation marks omitted.) As raised by Plaintiff and confirmed by CCI, "some of [CCIs] members hold MakerDAO tokens and thus might benefit from CCI's participation in this case." (*See* Doc. 19; Doc. 39 at 1–2.) As some of CCI's members would benefit from its participation in this case, I find that CCI cannot provide "neutral assistance in analyzing the issues before [me.]" *Picard*, 797 F. Supp. 2d at 452 (quoting *In re Baldwin–United Corp.*, 607 F. Supp. 1312, 1327 (S.D.N.Y. 1985)). Accordingly, it is hereby

ORDERED that CCI's motion to appear as *amicus curiae* in this action is DENIED.

IT IS FURTHER ORDERED that Defendant retain counsel[1], who shall file a notice of appearance by June 30, 2023.

The Clerk of the Court is respectfully directed to close the open motion at Doc. 38.

SO ORDERED.

Dated: June 21, 2023
New York, New York

Vernon S. Broderick
United States District Judge

---

[1] "Federal law [ ] is clear that a company may not appear *pro se* but rather must be represented by counsel." *Omega Consulting v. Farrington Mfg. Co.*, 604 F. Supp. 2d 684, 684 (S.D.N.Y. 2009) (citing 28 U.S.C. § 1654). This rationale "applies equally to all artificial entities." *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Coun.*, 506 U.S. 194, 202 (1993)).