PERKINSCOIe

1155 Avenue of the Americas   **T** +1.212.262.6900
22nd Floor   **F** +1.212.977.1649
New York, NY 10036-2711   PerkinsCoie.com

August 11, 2023

Gene W. Lee
GLee@perkinscoie.com
D. +1.212.261.6825
F. +1.212.977.1638

**VIA ECF FILING**

Hon. Vernon S. Broderick
U.S. District Court Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**Re:**   ***True Return Systems, LLC v. MakerDAO,*** **Case No. 1-22-cv-08478-VSB**

Dear Judge Broderick:

I am counsel for defendant MakerDAO in the action identified above.  I write to request a conference with the Court concerning the issues addressed below.

Plaintiff True Return Systems (TRS) filed the Complaint in this action on October 5, 2022.  Dkt. No. 1.  On January 3, 2023, the Clerk of Court entered a default on the part of MakerDAO, and TRS filed a motion for default judgment on February 14, 2023.  Dkt. Nos. 25, 26.

The default was improperly entered, and TRS's motion for default judgment was improperly filed.  Accordingly, MakerDAO respectfully requests a conference to discuss vacating the default and setting a schedule for MakerDAO to respond to the Complaint.  The parties met and conferred about presenting an agreed proposal to the Court in this regard, but the parties were unable to reach agreement.  Additional information is set forth below.

*     *     *

On November 11, 2022, TRS filed a motion to request permission to serve the Summons and Complaint on MakerDAO by electronic means.  Dkt. No. 9.  That motion asked the Court to deem electronic communications that TRS made on October 12, 2022, as effective service as of that date, *nunc pro tunc*.  *Id.*

On November 23, 2022, the Court granted TRS permission to serve MakerDAO by alternative means by taking the following four actions:  (1) direct message to the @MakerDAO Twitter account; (2) posting to the official MakerDAO forum at forum.makerdao.com; (3) e-mail message to support@makerdao.com; and (4) hard copy to MakerDAO at 110 Cooper Street, Santa Cruz, CA 95060 (second attachment).  Dkt. No. 13 ("Order").  However, the Court denied

Perkins Coie LLP

Hon. Vernon S. Broderick
August 11, 2023
Page 2

TRS's request that its prior actions were retroactively effective as service of process. *Id.* ("IT IS FURTHER ORDERED that Plaintiff's request to approve these alternative methods of service, *nunc pro tunc*, as of October 12, 2022, is DENIED.")

Subsequently, on November 30, 2022, TRS filed a certificate of service stating that actions (1)-(3) of the Order occurred on October 12, 2022, and action (4) of the Order occurred on November 30, 2022. Dkt. No. 14. However, the Order had expressly denied TRS's request to give its actions of October 12, 2022, *nunc pro tunc* effect. Dkt. No. 13. Therefore, TRS did not comply with the Court's requirements to effect service of the Summons and Complaint by alternative means. To this day, MakerDAO has not been served with the Summons and Complaint.

On January 3, 2023, TRS filed a request to enter default (Dkt. No. 24), and the Clerk of Court issued a Certificate Of Default against MakerDAO (Dkt. No. 25). However, because TRS did not comply with the Court's requirements to effect service of process by alternative means (Dkt. No. 13), default was improperly entered. Local Civil Rule 55.1(b)(3) (certificate of default shall not issue without an affidavit demonstrating that "the pleading to which no response has been made was properly served").

Following the entry of default, on February 14, 2023, TRS filed its motion for default judgment. Dkt. Nos. 26-31. However, because default was improperly entered, TRS's motion for default judgment was improperly filed.

TRS's motion for default judgment has additional problems:

- TRS's motion was not filed by way of order to show cause, as required by this Court's Individual Rule 4.H., and TRS's motion and related papers did not comply with the requirements of Attachment A of this Court's Individual Rules. Dkt. Nos. 26-31. For example, TRS's attorney affidavit did not comply with the requirements of Section 3.A. of Attachment A.

- As far as MakerDAO is aware, TRS has not served or even attempted to serve the motion for default judgment and related papers on MakerDAO by any means. The Order granted leave to serve the Summons and Complaint by alternative means but did not speak to service of other papers in this action. Dkt. No. 13 ("ORDERED that service of process on the Defendant may be made in this action by providing a copy of the Summons and Complaint by: [the four specified actions]"). In any event, TRS did not serve its motion on MakerDAO by the alternative means approved by the Court for the Summons and Complaint. Furthermore, service did not occur by ECF because, at the time TRS filed the motion on February 14, 2023, MakerDAO was not represented by counsel and had not

Hon. Vernon S. Broderick
August 11, 2023
Page 3

appeared in the case; counsel for MakerDAO first appeared in this action on July 14, 2023.  Dkt. Nos. 55-58.

In view of the foregoing issues, MakerDAO believes that TRS's motion for default judgment is not properly pending before this Court and, in any event, has not been served on MakerDAO.

\*     \*     \*

MakerDAO believes that the foregoing issues can be addressed most efficiently in a conference with the Court.  Accordingly, MakerDAO respectfully requests a conference to discuss vacating the default and setting a schedule for MakerDAO to respond to the Complaint.

Sincerely,

/s/ Gene Lee

Gene W. Lee

GWL:gwl

cc:     Counsel for True Return Systems via ECF

Perkins Coie LLP