BOAG LAW, PLLC
447 Broadway, Suite 2-270
New York, NY 10013
Phone: +1.212.203.6651
Email: dab@boagip.com

August 15, 2023

*via ECF*
The Honorable Vernon S. Broderick
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

RE:  *True Return Systems LLC v. MakerDAO*, No. 22-cv-8478 (VSB)
     Our File: TRUE.220216.MAK

Dear Judge Broderick:

Plaintiff respectfully writes in response to the August 11, 2023, letter from counsel for defendant MakerDAO. Plaintiff agrees that a status conference with the Court would be useful, but disputes the remainder of Defendant's letter, particularly that the motion for default judgment is not properly pending before this Court and was not served on Defendant MakerDAO.

<u>Plaintiff's Efforts to Serve Defendant</u>

Plaintiff's efforts to serve Defendant have been detailed to the Court. (*See* Dkt. No. 31, Feb. 14, 2023, at 10-12). In effect, Defendant ignored this litigation for approximately 10 months while having demonstrable knowledge of the same, making an appearance only after Plaintiff had expended considerable resources that included a motion for a default judgment and supporting filings. (Dkt. No. 32, Feb. 14, 2023). Defendant now argues that the manner of service—which it observed in real-time from the sidelines—is defective to the point of invalidity. Plaintiff's claim that it was not adequately informed of this action, its default, or Plaintiff's motion for a default judgment is not supported by the record.

Based on instructions from this Court, Plaintiff concluded service on MakerDAO on November 30, 2022. (*See* Dkt. No. 14, Nov. 30, 2022, Certificate of Service), having served MakerDAO via the four methods enumerated in the Court's order. (*See* Dkt. No. 13, Nov. 23, 2022, Order on Motion to Serve). Plaintiff repeated this method for subsequent filings.

Defendant does not address in its letter the fact that it has had *actual* notice of this litigation since it was initiated, and that Defendant has made numerous public statements regarding all phases of the controversy and this litigation dating back to March 2022. (*See, e.g.*, Dkt. No. 31, Feb. 14, 2023, n. 3). The facts, including public statements from MakerDAO's senior representatives, indicate a pattern of awareness and purposeful non-engagement on the part of MakerDAO.

For example, public statements by Defendant acknowledging the controversy, including MakerDAO Forum postings from MakerDAO Core Unit leaders, date to March and August of 2022. (*See* Dkt. No. 30, Feb 14, 2023, Exh. V, "MakerDAO's Use of USP 10,025,797"; and Dkt. No. 30, Feb 2023, Exhibit T). Defendant likewise made public statements discussing attempts at service, the manner of service, deadlines, specific claims, and orders of this Court, which began at least as early as December 2022. (*See* Dkt. No. 31, Feb. 14, 2023, at n. 3; and Dkt. No. 30, Feb. 14, 2023, Exh. X, "DAIF CU Update").

Further, on July 3, 2023, a public poll was initiated in the MakerDAO community soliciting DAO approval for retaining counsel and appearing in this action. The poll stated, in part:

> *On October 5, 2022, True Return Systems LLC ("True Return") filed a lawsuit against MakerDAO* in the United States District Court for the Southern District of New York, Case No. 1:22-cv-08478 . . . . *MakerDAO has not appeared in the Lawsuit.*
>
> * * *
>
> If MakerDAO does not retain counsel, then it is possible that MakerDAO would be subject to adverse consequences. For example, the New York Court could enter a default judgment against MakerDAO.

*See* Poll ID 1017, "DAO Resolution to Approve Legal Representation," vote.makerdao.com/polling/QmNri7ue#poll-detail, last accessed Aug. 15, 2023 (emphasis added).

It cannot be disputed that Defendant is, and has been aware of this action, its default, and Plaintiff's pending motion.

Additional Issues for Status Conference

Should the Court schedule a status conference, Plaintiff respectfully requests that the following additional issues be discussed:

(1) In addition to Plaintiff's unusual and delayed engagement in this matter, recent actions taken by MakerDAO have raised concerns that it could take further action to frustrate this Court's jurisdiction. MakerDAO has recently begun blocking U.S. customers from services of its cryptocurrency banking platform in a possible attempt to evade U.S. courts, U.S. regulation, and U.S. government surveillance. (*See* MIP102c2-SP13: MIP Amendment Subproposal, Jul. 5, 2023, https://forum.makerdao.com/t/mip102c2-sp13-mip-amendment-subproposal/21305/7). A subsequent Twitter post advised that a recent "Dai savings rate" is "[n]ot available for Americans or VPN users." (*See* @RuneKek, Twitter (Aug. 6, 2023, 1:06 PM), https://twitter.com/RuneKek/status/1688235137178509312.

Accordingly, Plaintiff respectfully requests that the conference include a discussion of a bond to secure Defendant's appearance and assets.

      (2)     Plaintiff has expended considerable resources in perfecting service and pursuing a default judgment in this action. Plaintiff respectfully requests that any discussion of lifting the default entered in this action include a discussion of reimbursement by Defendant to Plaintiff for its reasonable expenses, costs, and fees incurred in performing service, pursuing the default, and preparing the motion for a default judgment.

* * *

Plaintiff respectfully requests a conference to discuss these issues.

           Sincerely,

           /s/ David A. Boag

           David A. Boag (DB9899)
           BOAG LAW, PLLC
           447 Broadway, Suite 2-270
           New York, NY 10013
           (212) 203-6651
           dab@boagip.com

           *Attorneys for Plaintiff True Return Systems LLC*

cc: All Counsel of Record (via ECF)