PerkinsCoie

1155 Avenue of the Americas  T +1.212.262.6900
22nd Floor                    F +1.212.977.1649
New York, NY 10036-2711       PerkinsCoie.com

October 6, 2023

Gene W. Lee
GLee@perkinscoie.com
D. +1.212.261.6825
F. +1.212.977.1638

**VIA ECF FILING**

Hon. Vernon S. Broderick
U.S. District Court Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *True Return Systems, LLC v. MakerDAO,* Case No. 1-22-cv-08478-VSB

Dear Judge Broderick:

I write in response to the Court's order (ECF 65) requiring defendant MakerDAO to file a letter informing the Court whether it will submit substantive responses to Plaintiff's demand for disclosure under Local Civil Rule 26.1.[1]

MakerDAO stated at the conference on October 2 that MakerDAO plans to respond to the complaint by filing a motion to dismiss, in part based on the contention that MakerDAO does not have the capacity to be sued under Fed. R. Civ. P. 17(b). Accordingly, the disclosure requirement of Local Civil Rule 26.1 does not apply to MakerDAO because it is not "a natural person," "a partnership, limited liability partnership, limited liability company, or other unincorporated association," or "a corporation," and the case does not involve "an assigned claim."

Furthermore, Local Civil Rule 26.1 is a means for obtaining jurisdictional discovery relating to ***diversity jurisdiction***, which is evident from the references to 28 U.S.C. § 1332 in L.C.R. 26.1(a) and (c) and the reference to "like information for all of its partners or members, as well as the state or other jurisdiction of its formation" in L.C.R. 26.1(b). The present action involves federal question jurisdiction and patent jurisdiction, not diversity jurisdiction. ECF 1, ¶ 12.

Plaintiff True Return Systems acknowledges that its demand pursuant to Local Civil Rule 26.1 is because of an *inter partes* review ("IPR") petition filed by DeFi Education Fund to challenge the validity of True Return Systems' patent asserted in the present action. ECF 63. L.C.R. 26.1 is not a proper means to obtain information for that purpose. True Return Systems can and should seek discovery that is relevant to the IPR in the IPR. DeFi Education Fund is a third party that

---

[1] The order refers to Plaintiff's request for disclosure under F.R.C.P. 26, but the demand and dispute concerned Plaintiff's request for disclosure under Local Civil Rule 26.1.

Hon. Vernon S. Broderick
October 6, 2023
Page 2

has challenged the validity of True Return Systems' patent, which is also asserted in another action against Compound Protocol and Compound Labs. *True Return Systems LLC v. Compound Protocol*, No. 1:22-cv- 08483.  MakerDAO had no involvement in DeFi Education Fund's IPR petition, and MakerDAO is not a real-party-in-interest or privy of DeFi Education Fund.

As noted above, MakerDAO contends that it does not have the capacity to be sued under Fed. R. Civ. P. 17(b).  To be clear, MakerDAO disputes that it is an individual, corporation, partnership, or other unincorporated association under Rule 17(b) or "a natural person," "a partnership, limited liability partnership, limited liability company, or other unincorporated association," or "a corporation" under L.C.R. 26.1.  The Complaint itself alleges that "MakerDAO operates as a decentralized autonomous organization and it is not formally organized as a corporation, LLC, partnership, or other recognized organization type which would serve to limit the liability of its MKR token owners."  ECF 1, ¶ 9.  MakerDAO does not have a state or other jurisdiction of its formation; and it does not have a state or other jurisdiction of incorporation, principal place of business, or any citizenship.

\*   \*   \*

On a separate note, during the recent conference on October 2, the Court asked if counsel for MakerDAO would accept service of the summons and complaint, and counsel responded in the affirmative.  In the interest of expediency, counsel for MakerDAO offered to waive service.  The Court and counsel for True Return Systems agreed and set a briefing schedule for MakerDAO's planned motion to dismiss that was based on the date of the conference.  The October 3, 2023, docket entry reset the deadline for the motion to dismiss to November 6, 2023, approximately one month after the date of the conference.  In view of the foregoing, MakerDAO respectfully requests that the Court deem the summons and complaint to have been served as of the date of the recent court conference, October 2, 2023.

                                    Sincerely,

                                    /s/ Gene Lee

                                    Gene W. Lee

GWL:gwl

cc:     Counsel for True Return Systems via ECF